1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW SCOTT WHITE,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents*.

3:10-cv-00803-HDM-WGC

ORDER

    This habeas matter comes before the Court on petitioner's motion (#21) to stay, motion (#22) to file excess pages, and motion (#23) for leave to amend the petition.

    The motions will be denied without prejudice due in significant part to the illegibility of substantial portions of the proposed amended petition.  Petitioner needs to pay careful attention to the discussion in this order.  The Court will give petitioner one additional opportunity -- now his third -- to establish a viable basis for, *inter alia*, staying these proceedings for pursuit of further state judicial remedies.  In the final analysis, it is petitioner's burden, particularly at this late stage of these proceedings, to present comprehensible papers and to demonstrate that the pleadings should be amended and a stay entered.  If, after a third opportunity to seek relief in this regard, petitioner fails to present even legible paperwork and/or to articulate a valid basis for amending the petition and entering a stay, the Court simply will deny the relief requested and proceed to disposition of the case on the original petition.  The burden is on petitioner to write legibly, not on the Court to decipher incomprehensible filings.

1   Substantial portions of the amended petition are illegible for a number of reasons.

2   First, petitioner's handwriting elevates stylistic flourish over legibility.  Many words are little

3   more than multiple parallel slanted lines, such that it is at best exceedingly difficult to discern

4   what letters the multiple slanted lines in a word represent.  Second, petitioner used smaller

5   handwriting in the amended petition apparently in an effort to squeeze as much writing into

6   a limited space as possible, making the distinction between letters even less apparent.  Third,

7   the legal pad paper used by petitioner for additional pages generates an abundance of  stray

8   marks all over the page when imaged onto the Court's electronic docketing system.  The

9   combination of these factors resulted in large portions of the amended petition simply being

10  incomprehensible, with many words consisting of little more than indecipherable smudges in

11  the imaged document.

12  This Court and all of the reviewing federal courts use an electronic docketing system

13  on which handwritten *pro se* documents are imaged into the system, which produces an

14  image on the electronic system similar to a photocopy of a document.  Legibly handwritten *pro*

15  *se* documents routinely are scanned into the electronic docketing system without any loss of

16  readability.  Petitioner simply is going to have to make a concerted – and effective – effort to

17  write in a manner that this Court and reviewing courts can read.  *Pro se* litigants do so on a

18  regular basis, and petitioner has demonstrated the capacity to write legibly in other filings.

19  Petitioner further will have to do more than he did in the present motions to establish

20  a basis for amending the petition and/or entering a stay.  Neither leave to amend nor entry of

21  a stay is granted automatically based upon a mere conclusory request.

22  On the motion to amend, the one-year statute of limitation for filing claims in this case,

23  absent tolling or delayed accrual, expired on or about Monday, October 17, 2011.[1]  Petitioner

24

25  _____

26  [1]Petitioner's conviction was affirmed on direct appeal in a July 22, 2002, decision, and the time for
    filing a petition for a writ of *certiorari* expired on or about Monday October 21, 2002.  Petitioner mailed his

27  state post-conviction for filing on or about November 1, 2002, after 10 days of the limitation period had
    elapsed.  The petition was pending through the issuance of the remittitur on the post-conviction appeal on
    October 27, 2010.  Absent tolling or delayed accrual, the federal limitation period therefore expired after

28  another 355 days had elapsed, on or about October 17, 2011.

must affirmatively demonstrate – in the motion for leave to amend itself – that the proposed amendment would not be futile due to the apparent untimeliness of the added claims. Petitioner must affirmatively demonstrate either:  (a) that the added claims, specifically as to each added claim, relate back to a timely-filed claim in the original petition; or (b) that the added claims otherwise are timely under 28 U.S.C. § 2244(d).  On the latter issue, petitioner in particular must identify specifically what the alleged newly-discovered evidence is and cite to the location of the evidence in the record if the new evidence already is in the federal record, state with supporting evidence the approximate date on which the new evidence allegedly was discovered, and state with supporting evidence why the alleged new evidence could not have been discovered previously through the exercise of due diligence.

On the motion to stay, if petitioner fails to demonstrate on the motion to amend that the added claims are timely, the Court will deny the motion to stay as also futile.  *See,e.g., King v. Ryan*, 564 F.3d 1133, 1141-43 (9th Cir. 2009).  If petitioner is able to demonstrate that the added claims are timely, he then must do more than make a conclusory, ambiguous request for a stay as he did in the present motion.

Petitioner in particular must be clear as to what type of stay that he is requesting, and he must make any showing required for the stay requested.  There are two different types of stay potentially available.  First, a petitioner may seek a stay under *Rhines v. Weber*, 544 U.S. 269 (2005).  When a habeas matter is stayed under *Rhines*, the unexhausted claims are not dismissed, and the entire petition is stayed while the petitioner returns to state court to exhaust the unexhausted claims.  *See King*, 564 F.3d at 1139.  Second, a petitioner may seek a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).  When a habeas matter is stayed under *Kelly*, the unexhausted claims are dismissed, the remaining claims are stayed while the petitioner exhausts the dismissed claims, and the petitioner must amend the federal petition after the claims are exhausted if he wishes to again present the claims in federal court. *See,e.g., King,* 564 F.3d at 1138-39.

There are substantial differences as to the requirements for, and potential consequences of, each stay procedure.  For example, in order to obtain a *Rhines* stay without

1  a dismissal of the unexhausted claims, the petitioner must demonstrate that he has good

2  cause for the failure to exhaust the claims previously, that the unexhausted claims are not

3  plainly meritless, and that he has not engaged in intentionally dilatory litigation tactics.  The

4  petitioner is not required to make such a showing in order to obtain a *Kelly* stay, but, unlike

5  a *Rhines* stay, the unexhausted claims are dismissed on a *Kelly* stay.   The dismissed

6  unexhausted claims thereafter may be subject to dismissal as untimely when the petitioner

7  returns to federal court and seeks to amend the federal petition to again present the claims.

8  *See,e.g., King*, 564 F.3d at 1140-43.

9       In short, a stay is not available simply on a bare request for same.  Petitioner must be

10  clear as to the type of stay that he seeks, and he must make the showing required to obtain

11  the stay requested.   If he seeks a *Kelly* stay, either alone or in the alternative, he must

12  expressly request both the stay *and* the dismissal of the unexhausted claims with the entry

13  of the *Kelly* stay.  A third stay motion that is ambiguous as to the relief requested will be

14  denied.

15       The Court will give petitioner one last opportunity to present legible papers

16  demonstrating a viable basis for amending the petition and entering a stay at this late stage

17  in these proceedings.  The burden at all times is on petitioner to present comprehensible and

18  unambiguous papers that demonstrate a right to relief.  If he fails to do so again, the Court will

19  deny the requested relief and proceed on the original petition in this matter.

20       IT THEREFORE IS ORDERED that petitioner's motions (## 21-23) are DENIED

21  without prejudice.

22       IT FURTHER IS ORDERED that petitioner shall have **sixty (60) days** to file any

23  motions seeking to amend the petition and for a stay.  If he fails to do so timely, the Court

24  thereafter will proceed forward in this matter on the existing papers on file.

25       IT FURTHER IS ORDERED that all factual assertions made in a motion for leave to

26  amend seeking to establish the timeliness of added claims in a proposed amended petition

27  must be detailed, must be specific as to time and place, and must be supported by competent

28  evidence.  The Court will not consider any assertions of fact that are not specific as to time

1  and place, that are not made pursuant to a declaration under penalty of perjury based upon

2  personal knowledge, and/or that are not supported by competent evidence filed by petitioner

3  in the federal record.

4       The Clerk shall provide petitioner with two copies of a noncapital habeas petition form

5  along with a copy of all papers submitted with ## 21-23.

6       DATED: January 22, 2013.

7

8                                  *Howard D McKibben*

9  _____

10                                 HOWARD D. MCKIBBEN
                                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-