# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW SCOTT WHITE,

    *Petitioner*,

vs.

ELDON K. MCDANIEL, *et al.*,

    *Respondents*.

3:10-cv-00803-HDM-WGC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#26) to stay proceedings, motion (#27) to submit a petition with additional pages, and motion (#28) for leave to amend the petition, along with a motion (#31) for an enlargement of time by respondents that remains outstanding.

## *Background*

    Petitioner Matthew Scott White challenges his 2002 Nevada state conviction, pursuant to a jury verdict, of possession of a dangerous weapon by an incarcerated person. He was sentenced to 18 to 60 months consecutive to his sentences on a prior conviction.[1]

    Respondents do not oppose the motion for leave to amend the petition and the accompanying motion to submit a petition with additional pages, subject to a reservation of all defenses applicable to the petition as so amended.

---

[1] Direct appeal and state post-conviction proceedings were pending for nearly all of the intervening time prior to the filing of the federal petition. The original federal petition therefore was timely. Given that petitioner's 18 to 60 month sentence is consecutive to other time, the otherwise comparatively short sentence had not expired prior to petitioner seeking federal habeas review. If he were paroled at the earliest possible juncture on each of the consecutive sentences in the prior case, he would be eligible for parole to the 18 to 60 month sentence at approximately the end of 2015, such that the sentence has not expired at this juncture.

1    In that regard, respondents contend, *inter alia*, that petitioner cannot obtain the stay
2 requested and that the petition as amended is subject to immediate dismissal because the
3 amended petition is completely unexhausted.
4    As discussed further, *infra*, petitioner acknowledges that Grounds 2 and 3 of the
5 amended petition were not presented to the state supreme court, such that they are not
6 exhausted. Petitioner further presented argument in the motion for leave to amend and the
7 motion to stay seeking to establish that Ground 1, as amended, is exhausted.
8    Petitioner additionally has had an opportunity to respond to respondents' argument,
9 in opposition to the motion to stay, that Ground 1, as amended, is not exhausted and that the
10 petition as amended thus instead is subject to immediate dismissal. He did not file a reply,
11 however, providing any additional argument over and above his previous argument as to the
12 exhaustion of amended Ground 1 in his motions for leave to amend and to stay.
13    Respondents' contentions – that all grounds are unexhausted and that immediate
14 dismissal of the petition, as amended, is required – thus come before the Court with petitioner
15 having had a full opportunity to address the contentions on the submissions currently before
16 the Court.
17    The Court accordingly addresses those contentions on the submissions on file.

### *Governing Law*

19    Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court
20 remedies on a claim before presenting that claim to the federal courts. To satisfy this
21 exhaustion requirement, the claim must have been fairly presented to the state courts
22 completely through to the highest court available, in this case the Supreme Court of Nevada.
23 *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329
24 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific
25 federal constitutional guarantee and also must state the facts that entitle the petitioner to relief
26 on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir.
27 2000). That is, fair presentation requires that the petitioner present the state courts with both
28 the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo*

*v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731(1991).

A petition that is completely unexhausted is subject to immediate dismissal. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

A stay of a federal petition is available only for a mixed petition containing both exhausted and unexhausted claims, and a stay thus is not available where the petition instead is wholly unexhausted. As the Ninth Circuit has stated:

> . . . . Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.

*Rasberry*, 448 F.3d at 1154.

### *Discussion*

As noted above, petitioner acknowledges that Grounds 2 and 3 of the amended petition were not presented to the state supreme court, such that they are not exhausted.[2]

In amended Ground 1, petitioner alleges that he was denied effective assistance of trial counsel because counsel failed to investigate and pursue a defense that the tier porter used the porter's access to petitioner's cell to place the weapon there and then reported that White had the weapon in order to secure a reward or advantage for the confidential informant.

Respondents contend that amended Ground 1 is not exhausted because petitioner presents extensive factual allegations that would place the claim in a significantly different and stronger evidentiary position than when a claim without the same supporting allegations was presented to the state supreme court.

---

[2] #28-1, at electronic docketing pages 1, 14 & 20; #26, at 1. See also #11, Ex. 14; #12, Ex. 25 (White did not present the substantive claims in Grounds 2 and 3 to the Supreme Court of Nevada in the fast track statement either on direct appeal or on the state post-conviction appeal).

1      White was charged with possession of a dangerous weapon by an inmate after a
2 homemade "shiv" or "shank" was found by officers in the toilet in his cell. At trial, officers
3 testified that the weapon was found during a routine shakedown or search of White's entire
4 unit.[3] At the state post-conviction evidentiary hearing, however, Officer Rod Moore, who had
5 testified also in the prior proceedings, testified that the search of White's cell instead was
6 conducted following a tip from an informant. According to Moore's hearing testimony, officers
7 searched the remaining cells in the unit in order to conceal from White that the search of his
8 cell had been a targeted rather than a random search.[4]

       On the state post-conviction appeal, petitioner, through counsel, alleged, *inter alia*, that
he was denied effective assistance of trial counsel because counsel failed to investigate the
existence and credibility of a confidential informant.

       The claim as presented to the state supreme court proceeded on the premise that the
identity and possible motivations of the informant then were not established by competent
evidence. Petitioner maintained:

> On the contrary [to a carried-through-the-plumbing theory], the fact that the search was prompted by information provided by a confidential informant significantly changes the equation. Such information is inherently suspect and raises natural questions. Who was the confidential informant? What is the informant's credibility? How did the informant learn of the supposed information? Does the informant have a reason to be biased? Did the informant obtain any reward or advantage for providing the information? These are but a few of the questions to which the informant should have been subjected for the jury's evaluation?
>
> . . . . The decision of the District Court should be reversed and a Writ . . . should issue allowing Mr. White a new trial on the charge so that the evidence relating to a confidential informant and such other evidence as may develop therefrom can be fairly evaluated and addressed.

#12, Ex. 25, at 8-9 (electronic docketing pages 9-10).

/ / / /

---

[3] #11, Ex. 9A, at 16-17 (Officer Voris); *id.*, at 34-35, 40 & 42-43 (Officer Moore).

[4] #35-1, Ex. 21, at 30-31, 32-37 & 39-44.

1　　　　The claim as presented to the state supreme court proceeded also on the premise that
2　there was no competent evidence that trial counsel had been informed that a confidential
3　informant was involved:

> There was no evidence that the identity of the confidential informant was ever disclosed to Mr. White's trial counsel. There was no evidence to indicate that it was ever disclosed to Mr. White's trial counsel that it was information from a confidential informant that had prompted the search. Mr. White's trial counsel was, apparently, unaware of the confidential informant, as he did not reference that aspect of the case in testifying as to his preparation of the trial defense.

#12, Ex. 25, at 6 (electronic docketing page 7).

　　　　The state supreme court rejected the claim presented to that court – which was based solely on the bare fact that an unspecified confidential informant had been involved – on the following grounds:

> Appellant also argues that counsel was ineffective for not investigating the existence and credibility of a confidential informant. This argument was raised for the first time at the evidentiary hearing, where the district court judge sustained the State's objection to the relevant line of questioning. While the court's order, written by a different judge, reached the new argument on its merits, this was improper because the procedures established in Barnhart v. State, 122 Nev. 301, 303-04, 130 P.3d 650, 651-52 (2006), were not followed [regarding expansion of a petition and briefing of the expanded issues]. Accordingly, we deny appellant relief on this basis. Moreover, as a separate and independent ground to reject this argument, appellant fails to demonstrate prejudice. He has presented no competent evidence as to the identity of the informant or what bearing the existence of an informant would have had on his knowledge of the weapon.

#12, Ex. 25, at 2.

　　　　In federal court in amended Ground 1, petitioner alleges, *inter alia*, specifically that the informant was the tier porter and thus had access to White's cell, the porter put the weapon in White's cell and then informed on him, the porter did so in order to obtain a reward or advantage, and White told his counsel that someone else had put the weapon in his cell.

　　　　In the pending motions, petitioner provides extensive additional alleged factual detail underlying the claims in the amended petition, including amended Ground 1. He further

-5-

elaborates as to when and how he developed the alleged facts supporting the claims in the amended petition.

White alleges in the motions submitted with the amended petition that: (a) Travis Lieberwirth was a member of the Aryan Warrior prison "club;" (b) Lieberwirth was a porter in White's unit at the time; (c) as porter, Lieberwirth had access to White's cell; (d) at that time, Lieberwirth had a pending charge against him in the First Judicial District Court in Nevada for possession of a dangerous weapon by an incarcerated person, *i.e.*, the same charge later brought against White; (e) Lieberwirth's charge was dropped by the State prior to White being charged with the same offense; (f) based upon petitioner's investigation (discussed below) in 2011-12, he is "101% confident" that Lieberwirth is the confidential informant who placed the weapon in his cell and informed on him to get his own charges dismissed; (f) petitioner is securing an affidavit to these facts from the person that relayed the information to him; and (g) he had told trial counsel that he believed that an informant had planted the weapon.[5]

White further alleges as follows regarding his development of these alleged facts. Petitioner alleges that when the State objected to further questioning on the issue at the August 2007 state court evidentiary hearing, it delayed discovery of the foregoing alleged facts over and above the fact that the search had resulted from an informant's tip. He maintains that he thereafter assumed that the Supreme Court of Nevada would "at the very least inquire about this confidential informant."[6] When the state supreme court instead affirmed the denial of state post-conviction relief on September 29, 2010, White maintains that he then "took matters into his own hands concerning the identity of this confidential informant."[7] According to White, he made inquiries to three white prison "clubs" regarding possible known informants. Petitioner asserts, however, that "[d]ue to criminal charges being

---

[5] #26, at 2-3 & 5-6; #28, at 17-19. Petitioner outlines these alleged facts in discussing procedural issues regarding amended Grounds 2 and 3, but the same alleged facts regarding Lieberwirth clearly provide the alleged underlying factual basis for new amended Ground 1 as alleged in the amended federal petition.

[6] #28, at 17; see also #26, at 8 (similar).

[7] #28, at 17.

filed on a lot of these club members this process took a lot longer than usual, from about [November] 2011 [through] June or July 2012."[8]

Petitioner maintains that if state post-conviction counsel had been permitted to inquire further at the August 2007 evidentiary hearing, he could have obtained the information at that time and presented it in his February 2011 federal petition. This contention, however, of course underscores the point that a claim based upon such alleged facts was not presented to the state supreme court on the earlier state post-conviction appeal.[9]

The Ninth Circuit recently reaffirmed *en banc* that a "claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts' . . . or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014)(*en banc*)(citations omitted).

Here, petitioner at the very least has placed amended Ground 1 in a significantly different and stronger evidentiary posture than the claim argued to the state supreme court.

The claim that petitioner presented to the state supreme court was based on only the bare fact that a confidential informant was involved. Petitioner otherwise presented only unanswered questions as to, *inter alia*, who the informant might be, how the informant might have known that the weapon was in White's cell, and whether the informant might have received a reward or advantage for providing the information. That largely speculative claim was rejected by the state supreme court in substantial part because it was not supported by competent evidence as to either the identity of the informant or what bearing the existence of an informant had on the case.

---

[8] #26, at 8-10; #28, at 17-18. Petitioner maintains that sought the assistance of an inmate paralegal who recommended to White in September 2012 that he file an amended federal petition. #28, at 12 & 16-17.

[9] No argument was made to the state supreme court on the appeal that the district court had erred in restricting further examination at the evidentiary hearing on the issue, which was not a claim at issue on the pleadings heading into the hearing. See #12, Ex. 25 (containing no argument on such a procedural issue under state law). Nor does it appear that any request was made either at or following the evidentiary hearing to expand the issues and to present more evidence during what was a prolonged interval when the case still was in the state district court. See #6 (minutes); #35, Ex. 21A, at 34-37; #12, Ex. 21B, at 67-70 & 75.

In contrast, in federal court, petitioner now presents a claim that is based upon a specifically identified alleged informant Lieberwirth who allegedly had access to White's cell because he was employed as a porter and further had an alleged specific motive to frame and then inform on White, to get his own charges in a pending First Judicial District Court criminal case dropped.

In sum, the claim before the state supreme court was based only on an unknowing trial counsel's failure to investigate an inchoate and as then still unfounded possible defense. In amended Ground 1, petitioner now instead presents a claim based upon counsel's failure to present a fully-developed defense providing an alternative explanation for the presence of the weapon despite petitioner's alleged request that counsel pursue a defense based upon an informer placing the weapon in his cell. The claim now presented in federal court at the very least places amended Ground 1 in a significantly different and stronger evidentiary posture than – if not fundamentally alters – the claim argued to the state supreme court.

Amended Ground 1 therefore is unexhausted, such that all of the grounds in the amended petition are unexhausted. Given that the petition, as amended, is wholly unexhausted, a stay is unavailable and the petition as amended must be dismissed without prejudice.[10]

---

[10] Petitioner urges as to Ground 1 that he has just provided the identity of the informant in federal court and that he otherwise merely has made amended Ground 1 "more readable" than the claim previously presented. Petitioner of course has done far more in the amended pleading, not only providing the specific identity of the informant but further presenting alleged facts seeking to establish that Lieberwirth had both the motive and an opportunity to frame him. *E.g.,* #26, at 6. Petitioner thus has done far, far more than merely present a "more readable" claim in the amended petition than was presented to the state supreme court.

The Court is not persuaded by respondents' further suggestion that a habeas petitioner presents an unexhausted claim any time that a petitioner presents additional facts in federal court that were not presented to the state's highest court. Respondents base this argument on, *inter alia, Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). See #34, at 12 n.5. The Court is persuaded instead by Judge Reed's analysis harmonizing the exhaustion rule with *Pinholster*, as the application of *Pinholster* in truth has no relevance to the antecedent exhaustion issue. *See Moor v. Palmer*, No. 3:10-cv-00401, #27, at 9-10 (D. Nev., July 17, 2012). *Accord Wheeler v. Cox*, No. 3:12-cv-00469-MMD-WGC, #27, at 10 n.22 (D. Nev., May 29, 2013) (following Judge Reed's analysis); *Lewis v. Nevada*, 2:10-cv-01225-PMP-CWH, dkt. no. 53, at 2-3 (D.Nev., Feb. 4, 2013) (same); *Aytch v. Legrand*, 3:10-cv-00767-RCJ-WGC, dkt. no. 33, at 2 n.2 (D. Nev. March 29, 2013)(same). *See also Dickens*, 740 F.3d at 1320 (similar analysis). In the present case, however, petitioner at the very

(continued...)

IT THEREFORE IS ORDERED that petitioner's motion (#28) for leave to amend the petition and motion (#27) to submit a petition with additional pages are GRANTED to the extent consistent with the remaining provisions herein.

IF FURTHER IS ORDERED that the Clerk of Court shall file the amended petition and that the petition, as amended, is DISMISSED without prejudice for lack of exhaustion.

---

[10](...continued)
least has placed amended Ground 1 in a significantly different and stronger evidentiary posture than – if not fundamentally altered – the claim presented to the state supreme court.

Petitioner has presented no argument that the claim is exhausted due to a procedural default. This Court regularly rejects such a bare argument in habeas cases arising in Nevada because the standards for excusing a procedural default are substantially the same in Nevada state court as they are in federal court.

That is, under state practice, "[a] petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice." *E.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006). In *Robinson v. Ignacio*, 360 F.3d 1044 (9th Cir. 2004), the court of appeals recognized that "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical, as both require 'cause for the default and actual prejudice as a result.'" 360 F.3d at 1052 n.3. Moreover, the Nevada state courts also recognize the same exception for a fundamental miscarriage of justice, such that "[e]ven when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mitchell*, 149 P.3d at 36 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Given the similar standards, substantially any argument that a petitioner might present in federal court to overcome a procedural default can be presented to the state courts in the first instance. The Court thus repeatedly has rejected the proposition that claims that a petitioner might pursue in a state petition are technically exhausted by virtue of being procedurally defaulted, given that the Nevada state courts apply substantially the same standards as do the federal courts for overcoming a procedural bar. *Accord Jones v. McDaniel*, 2009 WL 890915 (9th Cir., Apr. 2, 2009)(in an unpublished disposition, holding that the petitioner had not established that exhaustion would be futile, given the substantial similarity of Nevada state and federal standards to overcome a procedural bar).

The Court accordingly does not hold that claims arising from Nevada are exhausted on the premise that the claims would be procedurally defaulted in state court unless the petitioner unequivocally stipulates that the unexhausted claims in fact would be denied on state procedural grounds if he presented the claims in state court. Such an unequivocal stipulation, to in truth be unequivocal in light of the application of the procedural default rules under Nevada state post-conviction procedure, must include concessions that: (1) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and prejudice to overcome the state procedural bars; (2) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the alleged federal constitutional violation has probably resulted in the conviction of one who is actually innocent and cannot thereby overcome the procedural bars; and (3) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence.

1  IT FURTHER IS ORDERED that petitioner's motion (#26) to stay proceedings on the
2 completely unexhausted amended petition is DENIED.
3  IT FURTHER IS ORDERED that respondents' motion (#31) for an enlargement of time
4 is GRANTED *nunc pro tunc* in connection with the responses and exhibits (## 32-35) filed on
5 April 26, 2013.
6  IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of
7 reason would not find the dismissal of the wholly unexhausted amended petition to be
8 incorrect or debatable, for the reasons discussed herein.
9  The Clerk of Court shall enter final judgment in favor of respondents and against
10 petitioner, dismissing this action without prejudice.
11  DATED: March 6, 2014.

_____
HOWARD D. MCKIBBEN
United States District Judge